IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1999 SESSION

FILED

August 19, 1999

Cecil W. Crowson
Appellate Court Clerk

WAYFORD DEMONBREUN, JR.,              )
                                     )
            Appellant,               )     No. 01C01-9711-CR-00539
                                     )
                                     )     Davidson County
v.                                   )
                                     )     Honorable Thomas H. Shriver, Judge
                                     )
STATE OF TENNESSEE,                  )     (Post -Conviction)
                                     )
            Appellee.                )


For the Appellant:                   For the Appellee:

F. Michie Gibson, Jr.                Paul G. Summers
1416 Parkway Towers                  Attorney General of Tennessee
Nashville, TN 37219                       and
(AT POST-CONVICTION HEARING)         Daryl J. Brand
                                     Associate Solicitor General
Clifford K. McGown, Jr.              425 Fifth Avenue North
113 North Court Square               Nashville, TN 37243
Post Office Box 26
Waverly, TN 37185                    Victor S. Johnson, III
(ON APPEAL)                          District Attorney General
                                          and
                                     Tom Thurman
                                     Assistant District Attorney General
                                     Washington Square, Suite 500
                                     222 2nd Avenue North
                                     Nashville, TN 37201-1649




OPINION FILED:_____




AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Wayford Demonbreun, appeals as of right from the Shelby County Criminal Court's denial of post-conviction relief. The petitioner pled guilty to conspiracy to sell over three hundred grams of cocaine, a Class A felony. He was sentenced to fifteen years in the Department of Correction as a Range I, standard offender. The petitioner contends that (1) his guilty plea was not knowing and voluntary because of his attorney's failure to interview a co-defendant, and (2) his case should be remanded for further proof because his initial post-conviction attorney failed to file the certification required by Rule 28, Tenn. S. Ct. R. We affirm the trial court's denial of post-conviction relief.

The petitioner was indicted along with Ortago Thomas and Carlos Woods for one count of selling three hundred grams of cocaine, one count of delivering three hundred grams of cocaine, and one count of conspiracy to sell three hundred grams of cocaine. The indictment also charged the petitioner with possession with intent to sell another twenty-six grams of cocaine and with possession of a deadly weapon with the intent to use it during an escape. The petitioner pled guilty to the conspiracy charge, and the trial court dismissed the remaining charges in the indictment as well as two other pending indictments and four outstanding warrants.

At the post-conviction evidentiary hearing, the state entered the transcript of the guilty plea hearing into evidence. At the time of his guilty plea, the petitioner testified that he understood that he was waiving his right to a trial and that he was pleading guilty of his own free will. He said that he had discussed his possible defenses and the guilty plea with his attorney and that he was satisfied with how his attorney handled his case. After the state presented a factual summary, which included the fact that Ortago Thomas told Tennessee Bureau of Investigation (TBI) agents that

2

the cocaine in the controlled buy came from the petitioner, the petitioner said that the facts were true and that he was guilty.

At the evidentiary hearing, the petitioner testified that his trial attorney represented him in a separate murder case as well as in the present drug case. He said that he had two ten-minute meetings with his attorney about his drug charges. The petitioner said that he told his attorney that the drugs found in his house were his but that he knew nothing of the controlled buy involving Ortago Thomas, and he was willing to go to trial to contest those charges. He said that he told his attorney that Thomas accepted guilt for the crime and that the attorney should talk to Thomas. He said that his attorney never asked him about any witnesses, never investigated the case, and never discussed any possible defenses to the drug charges.

The petitioner testified that the case was set for trial on March 7, 1995. He said that he had spent less than thirty minutes with his attorney preparing for trial that day and that they only discussed his pleading guilty. He stated that he told his attorney that he did not want to plead guilty but that his attorney told him that he had no choice. He stated that at the plea hearing, his attorney told him that he had not spoken with either Thomas or Thomas's attorney. He said that he pled guilty to the conspiracy charge because his attorney told him that if he did not plead guilty, he would get a long sentence, possibly a life sentence. He said his attorney did not go over the guilty plea form with him, but he acknowledged reading it before he signed it. He said that his attorney instructed him that the trial court was going to talk to him and that he was to say "yes" and that he was guilty. He said that he only understood that he was getting a fifteen-year sentence for the crime.

On cross-examination, the petitioner testified that he was arrested on the drug charges while he was on bond in the murder case. He admitted that he had eight

ounces of cocaine, a wrapper for a kilogram of cocaine, a .357 magnum handgun and various drug paraphernalia at the time of his arrest, but he denied possessing thirteen thousand dollars. He said that Thomas wrote him a letter admitting that the drugs were Thomas's. He said that before his guilty plea hearing, Thomas told him that he would not testify against him. He said that he remembered the trial court reading to him at his plea hearing, but he did not remember what the court said.

Ortago Thomas testified that he and Carlos Woods engaged in a drug transaction with TBI agents and that he and Woods were arrested. He said that the agents told him that if he implicated the petitioner, he would get less time. He said he gave the agents false information about the petitioner. Thomas said that he told his attorney that the petitioner was not guilty and that he wanted to tell the truth, but his attorney said not to worry about it because he was getting a reduced sentence. He said he was not able to contact the petitioner's attorney. He said that the drugs sold to the TBI agents were his, that the petitioner had nothing to do with the offense, and that he would not have testified against the petitioner. He said that although he and the petitioner lived in the same compound at Turney Center, they had not discussed this case since before the petitioner's trial when he told the petitioner that he would not testify against him.

The petitioner's trial attorney testified that after the preliminary hearing, the petitioner and his family told him that the drugs belonged to Ortago Thomas. He said that as a part of discovery, he received three tapes that were devastating to the petitioner's case. He said that he and the petitioner listened to the tapes together and discussed the case, and he advised the petitioner that he did not think that they should go to trial. He said that one reason he thought the plea offer was beneficial to the petitioner was that the state offered to dismiss several other pending drug and weapon charges against the petitioner.

4

On cross-examination, the attorney testified that he spent a considerable amount of time on this case. He said that both the district attorney and Thomas's attorney told him that Thomas was prepared to testify against the petitioner at trial. He said that he did not attempt to talk with Thomas without his attorney's approval. He said that he did not tell the petitioner that he was facing a life sentence in this case. He said that the petitioner is intelligent.

The trial court denied the post-conviction petition. At the conclusion of the evidentiary hearing, the trial court stated that although it did not appear that the petitioner's attorney performed any substantial trial preparation, it believed that all of the issues raised by the petitioner were covered in the guilty plea colloquy. The trial court found that the petitioner knowingly entered his guilty plea.

In a post-conviction case, the burden is on the petitioner to prove his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, we are bound by the trial court's findings unless we conclude that the evidence preponderates against those findings. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). The petitioner has the burden of illustrating how the evidence preponderates against the judgment entered. Id. This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial court. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Id.

## I. KNOWING AND VOLUNTARY GUILTY PLEA

The petitioner contends that he did not knowingly and voluntarily enter his guilty plea because his attorney failed to explore fully his available defenses. He argues that new evidence reveals that he is innocent and that if his attorney had

discovered this evidence, Ortago Thomas would be convicted of this crime rather than the petitioner. The state contends that the petitioner knowingly and voluntarily pled guilty with full knowledge of whether the cocaine belonged to him or his co-defendant.

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n. 2 (Tenn. 1989). When a petitioner claims that ineffective assistance of counsel resulted in a guilty plea, the petitioner must prove that counsel performed deficiently and that but for counsel's errors, the petitioner would not have pled guilty and would have insisted upon going to trial. Hill v. Lockhart, 464 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court held that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

6

We also note that the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct. If prejudice is not shown, we need not seek to determine the validity of the allegations about deficient performance. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

In order to establish prejudice, the petitioner must show that but for his attorney's failure to interview Thomas, he would not have pled guilty. The petitioner characterizes his claim that the cocaine belonged to Thomas as new evidence that his attorney did not discover. To the contrary, the petitioner's attorney testified that just after the preliminary hearing, the petitioner and his family told him that the cocaine belonged to Thomas. The attorney said he did not contact Thomas without his attorney's approval, but both the district attorney and Thomas's attorney told him that Thomas would testify for the state. Furthermore, the petitioner testified that Thomas told him that the cocaine was his before the plea hearing. Thus, at the time the petitioner pled guilty, he knew whether the cocaine belonged to him or to Thomas. See James E. Newsome v. State, No. 01C01-9710-CR-00459, Davidson County, slip op. at 7 (Tenn. Crim. App. Sept. 30, 1998), app. denied (Tenn. Apr. 19, 1999) (holding that a third party's confession in the wake of a guilty plea is not newly discovered evidence because the defendant knew whether he committed the crime at the time he entered the plea). However, despite purporting to know that the cocaine belonged to Thomas and that Thomas admitted ownership, the petitioner chose to plead guilty rather than to go to trial. Thus, the petitioner has failed to show that his guilty plea was unknowing and involuntary and that his attorney's failure to talk to Thomas was the cause for him to plead guilty.

## II. SUPREME COURT RULE 28, § 6(C)(3)

The petitioner contends that his attorney's failure to certify that he investigated all possible constitutional violations requires that his case be remanded for further proof. The state contends that the petitioner is essentially requesting a new post-conviction hearing based upon the ineffectiveness of his initial post-conviction counsel. The state argues that this claim avails the petitioner neither constitutional nor statutory relief.

Rule 28, § 6(C)(3), Tenn. S. Ct. R., states that a petitioner's attorney shall file the following certification within thirty days of being retained or appointed:

> I, _____, certify that I have thoroughly investigated the possible constitutional violations alleged by petitioner, including all those in . . . the form petition . . . and any other ground that the petitioner may have for relief. I have discussed other possible constitutional grounds with the petitioner. I have raised all non-frivolous constitutional grounds warranted by existing law or a good faith argument for the extension, modification or reversal of existing law which the petitioner has. I am aware that any ground not raised shall be forever barred . . . and have explained this to petitioner.

Rule 28, § 6(C)(5), Tenn. S. Ct. R., provides that an appointed attorney who does not file the certification may not be paid.

The petitioner asserts that his first post-conviction attorney did not file this certification and that he was not aware of his attorney's duty to raise all non-frivolous grounds. He argues that this entitles him to a new evidentiary hearing. The state responds that the fact that the supreme court rule sets forth nonpayment as the consequence for a failure to file the certification indicates that a new evidentiary hearing is not contemplated to be an appropriated remedy. However, we do not need to explore the limits of the remedies available to a petitioner because of an attorney's lack of certification. The petitioner in the present case does not specify any ground for relief that his initial attorney failed to raise but would entitle the petitioner to relief. Thus, the petitioner has failed to show any harm resulting from the lack of certification.

8

We also note that the petitioner's claim is akin to alleging that he received ineffective assistance from his post-conviction counsel because the attorney failed to file the required certification. The law is well settled that the petitioner has no constitutional right to the effective assistance of post-conviction counsel. House v. State, 911 S.W.2d 705, 712 (Tenn. 1995). Thus, we believe the petitioner is not entitled to a remand.

Based upon the foregoing and the record as a whole, we affirm the trial court's denial of post-conviction relief.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
Joe G. Riley, Judge

_____
Alan E. Glenn, Judge